UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| KEITH FARMER, | ) |
| | ) Case No. 1:20-cv-37 |
| *Plaintiff*, | ) |
| | ) Judge Travis R. McDonough |
| v. | ) |
| | ) Magistrate Judge Susan K. Lee |
| LAWRENCE A. BELLOTT III, | ) |
| CENTURION MEDICAL, TONY | ) |
| PARKER, and WILLIAM BRYAN LEE, | ) |
| | ) |
| *Defendants*. | ) |

**MEMORANDUM OPINION**

Plaintiff, a prisoner of the Tennessee Department of Correction, has filed a *pro se* complaint for violation of his civil rights pursuant to 42 U.S.C. § 1983 (Doc. 2) and a motion for leave to proceed *in forma pauperis* (Doc. 1).

Plaintiff's complaint alleges that during his incarceration in the West Tennessee State Penitentiary ("WTSP"), Defendant Doctor Bellott prescribed Plaintiff the wrong amount of a medication and did not correct this mistake. (Doc. 2, at–6.)[1] The general venue statute for federal district courts provides in relevant part as follows:

> A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial

---

[1] Plaintiff's complaint is ninety-five handwritten pages that include mainly legal conclusions and arguments, but not very many facts. (*See generally* Doc. 2.) It appears from the Court's review of the complaint, however, that the substance of Plaintiff's claims is that Defendant Bellott did not correct an improper prescription for Plaintiff.

district in which any defendant is subject to the court's personal
jurisdiction with respect to such action.

28 U.S.C.A. § 1391(b)(1)–(3).  A federal district court may transfer a civil action to any district or division where it could have been filed originally "in the interest of justice."  28 U.S.C. § 1406(a).

As set forth above, Plaintiff's complaint sets forth claims that arose during his incarceration in WTSP, which is in Lauderdale County, Tennessee, which lies within the Western Division of the United States District Court for the Western District of Tennessee.  28 U.S.C. § 123(b)(2).

In his complaint, Plaintiff references the fact that in a previous § 1983 action he brought in this District, this Court allowed him to amend his complaint to add Defendant Bellott as a defendant therein, but subsequently dismissed Defendant Bellott without prejudice due to Plaintiff's failure to serve him with process.  (Doc. 2, at 4; *see also* Docs. 40, 62, 90, 91, in Case No. 1:17-cv-32.)   However, while Plaintiff alleges in his complaint that Defendant Bellott's underlying acts and omissions were done pursuant to a civil conspiracy with Paul Niner and Leann Sheppard (*see* Doc. 2, at 6–9), both of whom were defendants in his previous action, nothing in Plaintiff's relevant filings in his previously filed case or Plaintiff's complaint in this case suggests that any acts underlying Plaintiff's complaint occurred in this judicial district. Moreover, Plaintiff has never asserted that Defendant Bellott was required to be joined to Plaintiff's previously filed action pursuant to Rule 19(a) of the Federal Rules of Civil Procedure, and a new complaint would not be the proper way for Plaintiff to make such an assertion.

The Court therefore concludes that the proper venue for this case is the Western Division of the United States District Court for the Western District of Tennessee.  *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (finding that venue in a suit against a public official lies in the

2

district where he performs his official duties).  Accordingly, the Clerk will be **DIRECTED** to transfer this action to the Western Division of the United States District Court for the Western District of Tennessee and to close this Court's file.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**